Moir Hotel Co. v. Fidelity & Deposit Co. of Md., 207 Ill. App. 318.

5. CARRIERS, § 199*—*when bill' of lading is prima facie proof of condition of goods at time of receipt by initial carrier.* Bills of lading issued by an initial carrier reciting that the goods are in apparent good order are prima facie proof of the condition of the goods at the time they were received by the initial carrier for shipment, in an action by a consignee against a terminal carrier for breach of contract in failing to transport the goods safely.

---

## Moir Hotel Company, Defendant in Error, v. Fidelity & Deposit Company of Maryland, Plaintiff in Error.

### Gen. No. 22,972.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEW-COMER, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed October 2, 1917. Rehearing denied October 15, 1917.

### Statement of the Case.

Action by the Moir Hotel Company, plaintiff, against the Fidelity & Deposit Company of Maryland, a corporation, defendant, to recover on a burglary policy. From a judgment for plaintiff for $433.70, defendant brings error.

MECHEM, BANGS & HARPER, for plaintiff in error.

CAMPBELL & FISCHER, for defendant in error.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 120*—*how policies construed.* Policies of insurance must, where the language is doubtful, be construed most strongly in favor of the assured.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. INSURANCE, § 397a*—*what losses covered by burglary policy.* A burglary policy insuring the owner of a hotel building against loss by robbery (commonly known as holdup) occasioned by felonious, violent and forcible abstraction of property from its office, counting room or store, where such loss was not occasioned by any employee and where the loss was brought about by violent and forcible means (commonly known as holdup), and where the premises were directly under the charge or care of at least two persons, must be construed as insuring the owner against loss occasioned by a forcible and violent abstraction of its property from its premises by breaking open a locked case back of a cashier's desk and cigar stand in which the cashier had placed a tin box filled with money during her temporary absence from her desk, and the liability for loss cannot be limited by the word "holdup" to a violent taking of the same under circumstances which would constitute robbery.